IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID BELL,

    **Plaintiff,**

    v.                                                                  Civil Action No. 3:24cv775

DEPARTMENT OF VETERAN AFFAIRS,

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Department of Veterans Affairs' (the "Department") Motion to Dismiss (the "Motion"). (ECF No. 30.) The Court provided the parties with an opportunity to brief the issues. Plaintiff David Bell failed to file a response to the Department's Motion, and the Court dispensed with oral argument because it would not aid in the decisional process. This matter is now ripe for review. For the reasons articulated below, the Court will dismiss the action for failure to prosecute under Federal Rule of Civil Procedure 41(b) and deny the Motion as moot.

### I. Factual and Procedural Background

#### A.    Factual Background[1]

Mr. Bell is an African American man and "a qualified person with a disability." (ECF No. 15 ¶ 9.) He resides in Fredericksburg, Virginia, and worked as a Computer Assistant at the

---

[1] In considering the Motion, the Court will assume the well-pleaded factual allegations in Mr. Bell's Amended Complaint, (ECF No. 15), to be true and will view them in the light most favorable to Mr. Bell. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

As discussed below, the United States District Court for the District of Columbia transferred this matter to the Court. The Court adapts its factual background from the facts as

Hunter Holmes McGuire VA Hospital in Richmond, Virginia (the "Hospital")[2] during the time giving rise to the events in the Amended Complaint. (ECF No. 15 ¶¶ 1, 11.)

In 2018, Mr. Bell filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against the Department, which led to an investigation. (ECF No. 15 ¶ 10.)

At some point prior to September of 2021, Mr. Bell applied for a position as an IT Specialist at the Hospital. (*See* ECF No. ¶ 12.) On September 27, 2021, Mr. Bell was not selected for the IT Specialist position. (ECF No. ¶ 12.) While Mr. Bell was "more qualified" for the position—he had "a degree, 10-point Veteran preference, work [experience with] Dell and HP, and [familiarity] with the location of the position"—the VA hired a Caucasian individual with fewer qualifications for the role. (ECF No. 15 ¶ 16.) The "former Area Manager" who "was responsible for [Mr. Bell's] not being selected for the position" stated that the Department "'need[ed] to hire fewer employees of [Mr. Bell's] race' . . . allegedly 'because a whistleblower complaint was filed which named [the former Area Manager].'" (ECF No. 15 ¶¶ 14–15 (final alteration in original).).

Mr. Bell additionally contends that he was not selected for the position because the Department "knew that [Mr. Bell] would require accommodations . . . should he be selected for the IT Specialist position" and the Department "did not want to provide [the] accommodations" to Mr. Bell. (ECF No. 15 ¶ 22.)

---

recited in United States District Judge Loren AliKhan's memorandum opinion ordering the transfer. (ECF No. 24, at 1–3.)

[2] The Hospital has since been renamed the "Richmond VA Medical Center." Hunter Holmes McGuire VA Medical Center renamed, 12 On Your Side (Jan. 19, 2023), https://www.12onyourside.com/2023/01/19/hunter-holmes-mcguire-va-medical-center-renamed/.

2

Mr. Bell further alleges that at an unspecified time, the Area Manager began assigning Mr. Bell "an unnecessary amount of undesirable and difficult tasks," none of "which were . . . in his normal job duties and [all of which] would normally require multiple people." (ECF No. 15 ¶¶ 17, 19.) These included tasks like "termination duties."³ (ECF No. 15 ¶ 18.) "Specifically, between March 14 and March 18" of an unspecified year, Mr. Bell "was assigned an unreasonable number of terminations." (ECF No. 15 ¶ 20.) Mr. Bell ultimately alleges that he "was not selected for [the IT Specialist] position . . . because of his race, color, prior protected activity, and disability." (ECF No. 15 ¶ 13.)

### B.  **Procedural Background**

On August 24, 2023, Mr. Bell filed a four-count complaint against the Department in the United States District Court for the District of Columbia. (*See* ECF No. 1.) On February 12, 2024, the Department filed a Motion to Dismiss or in the Alternative to Transfer the case to the Eastern District of Virginia. (ECF No. 11.) Mr. Bell did not respond. On March 18, 2024, Mr. Bell filed a Consent Motion to Amend/Correct the Complaint. (ECF No. 14.) On March 19, 2024, through a Minute Order on the docket, the district court granted Mr. Bell's Consent Motion and ordered Mr. Bell to file an amended complaint on or before April 5, 2024. In the same Minute Order, the district court stayed the briefing on the Department's Motion to Dismiss.

Mr. Bell did not timely file his amended complaint. On April 9, 2024, through another Minute Order, the district court again ordered Mr. Bell to file his amended complaint or his opposition to the Department's Motion to Dismiss or in the Alternative to Transfer on or before April 23, 2025. The district court cautioned Mr. Bell that failure to comply with the April 9, 2024 Minute Order could result in dismissal of the case.

---

³ Nothing in the record defines what these "termination duties" were.

3

On April 23, 2025, Mr. Bell filed an Amended Complaint in the district court. (ECF No. 15.) The Amended Complaint asserts four Counts against the Department under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act:

**Count I:**     Racial Discrimination

**Count II:**    Retaliation

**Count III:**   Violations Under the Rehabilitation Act

**Count IV:**    Hostile Work Environment

(ECF No. 15 ¶¶ 24–56.)

On May 6, 2024, through another Minute Order, the district court denied as moot the Department's Motion to Dismiss or in the Alternative to Transfer. On July 5, 2024, the Department filed a Motion to Dismiss the Amended Complaint or in the Alternative to Transfer the case to the Eastern District of Virginia. (ECF No. 19.) On August 5, 2024, Mr. Bell responded in opposition, (ECF No. 21), and on September 3, 2024, the Department replied, (ECF No. 23). On October 25, 2024, the district court granted in part and denied in part the Department's Motion to Dismiss or in the Alternative to Transfer and transferred the case to the Eastern District of Virginia. (ECF Nos. 24, 25.)

On November 7, 2024, the case was transferred to this District from the District of Columbia. (ECF No. 26.) On July 28, 2025, this Court ordered the Department to respond to Mr. Bell's Amended Complaint within seven days. (ECF No. 27.) On August 12, 2025, after receiving no response from the Department, this Court admonished the Department that it risked default judgment pursuant to Federal Rule of Civil Procedure 55 and admonished Mr. Bell that he risked dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. (ECF No. 28.) This Court gave the parties fourteen days to file. (ECF No. 28.)

On August 22, 2025, the Department filed the instant Motion to Dismiss. (ECF Nos. 30, 31.) Mr. Bell did not respond. On October 30, 2025, this Court ordered Mr. Bell to show cause by November 13, 2025 as to why he had not filed a response to the Motion. (ECF No. 32.) This Court cautioned Mr. Bell that failure to file a response to the Motion could result in dismissal of the action for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 32.)[4] To date, Mr. Bell has not filed a response to the Motion.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 41(b),[5] "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In addition to Rule 41(b), "a court has the 'inherent power' to dismiss an action for want of prosecution." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). That inherent power "derives from 'the control necessarily vested in courts to manage their own

---

[4] Mr. Bell's counsel is not admitted to practice in the Eastern District of Virginia, nor has he retained local counsel admitted to practice in this District. *See* E.D. Va. Local Rule 83.1. On October 30, 2025, the Clerk sent Mr. Bell's counsel a letter notifying him that Mr. Bell must retain local counsel. (ECF No. 33.) On December 11, 2025, the letter was returned as undeliverable. (ECF No. 34.) On January 9, 2026, the Clerk mailed another letter to Mr. Bell's counsel. (ECF No. 35.) The same day, the Clerk spoke with Mr. Bell's counsel, who stated that Mr. Bell wished to proceed in this matter *pro se*. To date, neither counsel nor Mr. Bell have filed anything on the docket indicating as much.

[5] Federal Rule of Civil Procedure 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Link*, 370 U.S. at 630–31). "Given the inherent judicial authority to make [] dismissals [for failure to prosecute], a court may, in appropriate circumstances, enter [] a dismissal [pursuant to Rule 41(b)] sua sponte." *Id.* (citation omitted).

The United States Court of Appeals for the Fourth Circuit has identified "four criteria that guide a district court's discretion in dismissing a case under Rule 41(b)." *Id.* This test requires a court to evaluate: (1) the degree of the plaintiff's personal responsibility for the failure; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and, (4) the effectiveness of less drastic sanctions. *Attkisson*, 925 F.3d at 625; *see also Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989) (holding that a magistrate judge's prior explicit warning that a recommendation of dismissal would result if the plaintiff failed to obey the magistrate judge's order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the explicit warning). These criteria are not rigid, and the "propriety of an involuntary dismissal ultimately depends on the facts of each case." *Attkisson*, 925 F.3d at 625 (citation omitted).

### III. Analysis

#### A. The Court Will Dismiss Mr. Bell's Amended Complaint for Failure to Prosecute

Applying the factors set out by the Fourth Circuit in *Attkisson*, the Court concludes that it must dismiss Mr. Bell's Amended Complaint for failure to prosecute.

Considering the first factor—the degree of the plaintiff's personal responsibility—Mr. Bell's case was transferred to this District over a year ago, (*see* ECF No. 26), and Mr. Bell has "since failed to take any action on the matter." *Banc of Am. Invest. Servs., Inc v. Magnone*, No. 2:09-cv-256, 2010 WL 11561564, at *2 (E.D. Va. Feb. 25, 2010). Moreover, Mr. Bell failed to

6

respond to the Department's Motion (filed almost five months ago) despite two orders from this Court cautioning Mr. Bell that his lack of action could result in dismissal. (ECF Nos. 28, 32.) "As a result of [Mr. Bell's] inaction, the [case] has languished" with "no foreseeable end" for over a year. *Magnone*, 2010 WL 11561564, at *2. The first factor weighs in favor of dismissal.

As to the second factor—the prejudice caused to the defendant—Mr. Bell's continued and repeated failures to respond have caused the Department prejudice. The Department was forced to draft a responsive pleading to Mr. Bell's Amended Complaint, which remains unanswered. Mr. Bell's repeated failures to comply with court orders and rules in this District and the District of Columbia compounds the prejudice to the Department. The Department has drafted three motions to dismiss, (ECF Nos. 11, 19, 30), in two judicial districts in a case that has now lasted nearly two and a half years, and which has yet to proceed beyond the motion to dismiss stage. The prolonged threat of litigation and the deployment of limited government resources to defend this matter compels a finding that the Department has been prejudiced by Mr. Bell's failure to respond. The second factor likewise favors dismissal.

The third factor—the plaintiff's history of proceeding in a dilatory fashion—weighs heavily in favor of dismissal. Mr. Bell has failed to comply with court orders and rules throughout the pendency of this action. Indeed, since 2023, Mr. Bell has failed to timely respond to three court-imposed deadlines, including two set by this Court. (*See* 4/9/24 Minute Entry; ECF Nos. 28, 32.) And Mr. Bell failed to take *any* action in the case after it was transferred to this District well over a year ago. While civil cases in this District ordinarily resolve within the timeframe that Mr. Bell's case has been on this Court's docket, Mr. Bell's case has remained stagnant. *See Magnone*, 2010 WL 11561564, at *2 ("[The] [p]laintiff's [c]omplaint has remained on the [c]ourt's docket for nearly nine months with little activity, when cases in t[he]

District [of Virginia] are normally concluded within such time."). Mr. Bell's repeated failures to comply with deadlines imposed by this Court, and those of the District Court for the District of Columbia, and his lack of action in this case since transfer to this District, resoundingly demonstrate that Mr. Bell has proceeded in a dilatory fashion. *See Attkisson*, 925 F.3d at 625 (upholding dismissal for failure to prosecute "where the plaintiff failed to respond to a specific directive from the trial court" (quotation and alterations omitted)). The third factor weighs in favor of dismissal.

Finally, the fourth factor—the effectiveness of a less drastic result—counsels in favor of dismissal. Given Mr. Bell's repeated and continuous lack of compliance over the past two years, the warnings and notice provided to Mr. Bell regarding his inaction, and the requirements for administration of justice for this Court's docket, no lesser remedy should prevail. *See Ballard*, 882 F.2d at 95–96 (holding that a district court does not abuse its discretion by dismissing an action after issuing an explicit and reasonable warning). Indeed, all reasonable, less drastic remedies have proved utterly fruitless.

In sum, Mr. Bell "contravened multiple rules and court orders," and "acted in the face of explicit instructions from the court." *Attkisson*, 925 F.3d at 626–27. These circumstances support dismissal under Rule 41(b) for failure to prosecute. *Id.*

However, the Court observes that that some, if not all, of the responsibility for the failure to prosecute lies not with Mr. Bell personally, but with his counsel. Since this case was transferred from the District of Columbia, Mr. Bell's counsel failed to obtain local counsel, rendering it impossible for him to effectively represent Mr. Bell's interests in this case. "Although [Mr. Bell's] violation of the Court's order[s] and non-prosecution of his case are serious litigation failures," the Court concludes that "dismissal with prejudice would be too

severe a sanction if the blame for these failures fell solely on [Mr. Bell's] attorney." *Neal v. Lucky Star Restaurant, Inc.*, No. TJS-19-1367, 2021 WL 488507, at *3 (D. Md. Feb. 10, 2021) (dismissing case for failure to prosecute but doing so without prejudice "because there [was] a chance that [the plaintiff's] attorney [was] responsible for" the failure to prosecute). Accordingly, in the interests of justice, the Court will dismiss the case without prejudice.

### IV. Conclusion

For the reasons articulated above, the Court will dismiss this matter without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Court will deny the Motion to Dismiss, (ECF No. 30), as moot.

An appropriate Order shall issue.

Date: 1/28/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge